## Julia A. Tevis *v.* Ellison & Co.

**Parent and Child — Insolvent Father May Provide Reasonable Education and Maintenance for a Minor Child — Attachment.**

Conceding that an insolvent parent may provide reasonable education and maintenance for his minor children, according to their station in life, and that money advanced for such purpose could not be attached by his creditor, *held*, that the amount set apart by Clark for the education and maintenance of his daughters was unreasonable and wholly incompatible with the rights of his creditors, under the circumstances connected with this case.

### APPEAL FROM CLARKE CIRCUIT COURT.

February 16, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Conceding that an insolvent parent would have the right to provide reasonable education and maintenance for his minor children according to their situation in life, and that money advanced for such purpose could not be attached by his creditors, yet we think the judgment right in this case, because the placing in Mrs. Tevis' hands $1,000 in cash to pay for the board, tuition, and clothing of his two minor daughters by Clark, when there were executions against him returned no property found, and at a time when he contemplated going into the southern army, and when his said daughters had already been at this select school for two years, is wholly incompatible with the rights of creditors, is an unreasonable provision for his said daughters regarding the means and position in society of the father, and was an advance far beyond the requirements of the school, as the terms only required six months' payment in advance for board and tuition. Mrs. Tevis and the witness both say the money was paid to her to keep the girls, board and teach, and furnish them with clothing until it should be exhausted, and not for any definite time, for as the amount of clothing could not be ascertained but was wholly uncertain, no definite time could be fixed, and this we think fixes the true character of the transaction and left it, so far as Clark's creditors were concerned, precisely as if deposited

in some one else's hands for the purpose of paying the board, tuition, and clothing of these children.

At the time the fund was attached only $265 had been expended, consequently the appropriation to pay appellee's debt of less than $200 would still leave a large surplus in her hands, and when it was exhausted she was bound no longer to board, teach, or furnish clothing for the young ladies. Judgment affirmed.

*Smith,* for Appellant.

*Simpson,* for Appellees.